UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
MOHAMMAD BASHIR MOHAMMAD                  )
KADDOURA,                                 )
                                          )   No. C06-1402RSL
                    Plaintiff,            )
        v.                                )   ORDER DENYING PLAINTIFF'S
                                          )   MOTION FOR PRELIMINARY
ALBERTO R. GONZALES, *et al.*,            )   INJUNCTION AND TEMPORARY
                                          )   RESTRAINING ORDER
                    Defendants.           )
_____)

This matter comes before the Court on "Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order" (Dkt. #26).[1]  In his motion, plaintiff requests that the Court "direct USCIS to issue Plaintiff an EAD [Employment Authorization Document] or renew Plaintiff's interim EAD from April 18, 2007 and during the entire period his adjustment application is pending, including during any administrative or judicial review of the application."  See Motion at 10.  On April 18, 2007, plaintiff's adjustment application, however, was no longer pending because defendants denied the application.  See Dkt. #35, Ex. 1 (USCIS Notice of Decision).

Plaintiff's Petition for Writ of Mandamus seeks "a writ of mandamus to compel

---

[1] Because this matter can be decided on the memoranda, declarations, and exhibits submitted by the parties, plaintiffs' request for oral argument is DENIED.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER

Respondents and their subordinates: (a) to act on Mr. Kaddoura's application for adjustment of status to lawful permanent resident ("Application"); and (b) to immediately renew Mr. Kaddoura's employment authorization document." See Dkt. #1.  On April 18, 2007, defendants denied plaintiff's Form I-485 Application for Adjustment of Status, and denied plaintiff's March 4, 2005 Form I-765 Application for Employment Authorization ("EAD"), and his August 28, 2006 Form I-765 EAD.  By defendants' decision on April 18, 2007, the relief requested by plaintiff in his Writ of Mandamus, namely that defendants adjudicate his application for adjustment of status, has now been granted.  Accordingly, now that plaintiff's petition has been adjudicated as he requested in his Writ of Mandamus, plaintiff's request for preliminary injunction is moot. See Cooney v. Edwards, 971 F.2d 345, 346 (9th Cir. 1992) ("Because Cooney is no longer incarcerated, his claims for injunctive relief are either moot or not ripe; the district court correctly dismissed these claims without prejudice.").

In opposition, plaintiff argues that the mootness doctrine should not apply because "Defendant's actions are capable of repetition." See Reply at 3.  As the Supreme Court articulated in DeFunis v. Odegaard, 416 U.S. 312 (1974), however, the issue is not whether defendants actions are capable of repetition in general, but rather if they are capable of repetition as applied to plaintiff. Id. at 319 ("But DeFunis will never again be required to run the gantlet of the Law School's admission process, and so the question is certainly not 'capable of repetition' so far as he is concerned.").  In this case, there is no showing that defendants' actions are capable of repetition against plaintiff.  Furthermore, while plaintiff has requested that the Court issue an EAD while "his adjustment application is pending, including during any administrative or judicial review of the application," given the events on April 18, 2007, plaintiff's application is no longer "pending," and based on the relief sought in plaintiff's Writ of Mandamus, this Court has not yet been called upon to review the merits of defendants' denial

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER        -2-

of his Form I-475 Application for Adjustment of Status.[2]  See Motion at 10.

For all of the foregoing reasons, "Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order" (Dkt. #26) is DENIED as moot.

In response to plaintiff's motion to strike defendants' supplement filed on April 18, 2007 (Dkt. #35), the Court notes that it considered the supplement only for the fact that on April 18, 2007 defendants denied plaintiff's application for adjustment of status and applications for EADs.  The Court did not consider, however, any legal theories advanced by defendants in the supplement.  Acknowledging the fact of defendants' denial of plaintiff's applications was necessary because it concluded the relief that plaintiff requested in his Writ of Mandamus, specifically, his request that defendants adjudicate his adjustment of status application. Accordingly, the Court DENIES plaintiff's "Motion to Strike Defendants' Supplement to Opposition to Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order" (Dkt. #36).

DATED this 19th day of April, 2007.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] While plaintiff has indicated that if the adjustment application is denied he will request permission to amend his complaint to also request review of the merits of the denial of the adjustment application and the denial of the EAD applications under Jaa v. INS, 779 F.2d 569 (9th Cir. 1986), this issue is not yet before the Court.  See Reply at 2.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER        -3-