UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MOHAMMAD BASHIR MOHAMMAD )
KADDOURA, )
)   No. C06-1402RSL
                Plaintiff, )
)   ORDER DENYING PLAINTIFF'S
    v. )   MOTION FOR SUMMARY
)   JUDGMENT AND GRANTING
ALBERTO R. GONZALES, *et al.*, )   DEFENDANTS' MOTION
)   TO DISMISS
                Defendants. )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment" (Dkt. #20) ("Motion"), "Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment" (Dkt. #23) ("Motion to Dismiss"), the "Supplemental Memorandum in Support of Plaintiff's Motion for Summary Judgment" (Dkt. #39), and "Defendants' Response to Supplemental Memorandum in Support of Plaintiff's Motion for Summary Judgment" (Dkt. #41). On September 27, 2006, plaintiff filed a petition for writ of mandamus seeking to compel defendants to adjudicate his application for adjustment of status to lawful permanent resident and to renew his employment authorization document. See Dkt. #1. On April 18, 2007, after the parties had filed their dispositive motions, United States Citizenship and Immigration Services ("USCIS") denied plaintiff's application for adjustment of status and denied plaintiff's

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS

pending applications for employment authorization. In light of the actions taken by USCIS on April 18, 2007, the parties supplemented their motions. Now that USCIS has adjudicated plaintiff's applications, for the reasons set forth below, the Court denies plaintiff's motion for summary judgment and grants defendants' motion to dismiss.[1] The Court also denies plaintiff the relief he seeks in his supplemental memorandum for an order requiring USCIS to issue him an employment authorization document until a final decision has been made on his adjustment of status application.

## II. DISCUSSION

### A.    Background

On September 27, 2006, plaintiff filed a Writ of Mandamus alleging that USCIS had failed to timely adjudicate his I-485 Application for Adjustment of Status filed on January 30, 2002. See Dkt. #1. As a result, plaintiff sought a writ "compelling Respondents (a) to act on Mr. Kaddoura's Application for Adjustment of Status to lawful permanent resident, and (b) to immediately renew Mr. Kaddoura's EAD [Employment Authorization Document]." Id. at 14. On February 21, 2007, plaintiff filed a motion for summary judgment requesting "that the Court issue an order compelling Defendant USCIS to adjudicate his adjustment of status application within 30 days or by April 18, 2007, upon the expiration of his interim employment authorization." See Motion at 18. On February 23, 2007, defendants filed a motion to dismiss and cross-motion for summary judgment arguing, among other things, that plaintiff's petition should be dismissed under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction to adjudicate plaintiff's claims. See Motion to Dismiss at 6. On April 18, 2007, USCIS issued three notices of decision: (1) a notice denying plaintiff's January 20, 2002 Form

---

[1] Because this matter can be decided on the record, memoranda, declarations, and exhibits submitted by the parties, plaintiff's request for oral argument is DENIED.

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS          -2-

I-485 Application to Adjust Status; (2) a notice denying plaintiff's August 28, 2006 Form I-765 Application for Employment Authorization; and (3) a notice denying plaintiff's March 4, 2005 Form I-765 Application for Employment Authorization.  See Dkt. #35, Exs. 1-3.  On May 1, 2007, given that the Court had not yet ruled on the parties' dispositive motions, plaintiff filed a memorandum supplementing his summary judgment motion, and on May 11, 2007, defendants responded.  See Dkt. ##39, 41.  For clarity, the Court will address plaintiff's motion for summary judgment and defendants' motion to dismiss before addressing the issues raised in plaintiff's supplemental memorandum and defendants' response.

**B.     Analysis**

### 1.     Plaintiff's Motion for Summary Judgment

In plaintiff's motion for summary judgment, he is seeking an injunction compelling USCIS to adjudicate his application for adjustment of status to permanent resident and his application for employment authorization.  See Motion at 1.  On April 18, 2007, USCIS adjudicated plaintiff's applications for adjustment of status and employment authorization.  The relief sought in plaintiff's motion, namely an order to compel USCIS to adjudicate plaintiff's applications, therefore, can no longer provide plaintiff with any benefit because the applications have been adjudicated by USCIS.  Accordingly, plaintiff's motion for summary judgment is DISMISSED AS MOOT.

### 2.     Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment

Defendants move to dismiss plaintiff's petition based on Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction.  Mootness is a defect in subject matter jurisdiction because federal courts are empowered only to hear cases and controversies.  See U.S. Const. Art III, § 2; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983).  "A case becomes moot whenever it loses its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract

propositions of law." Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (internal quotations and citation omitted). An action is moot, and therefore no case or controversy is present, if after initiation of the action the aggrieved party receives the relief sought in the complaint. See DeFunis, 416 U.S. at 317.

Under Fed. R. Civ. P. 12(h)(3), "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). When the moving party asserts that the court lacks subject matter jurisdiction, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Here, the notices of decision from USCIS show that the plaintiff has been granted the relief requested in his petition for writ of mandamus. Accordingly, the issues presented to this Court are no longer "live" and the Court dismisses plaintiff's petition for lack of subject matter jurisdiction. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legal cognizable interest in the outcome.") (internal quotation omitted); Dkt. #35, Exs. 1-3[2]; see also Lone Rock Timber Co. v. United States Dep't of Interior, 842 F. Supp. 433, 438 (D. Or. 1994) ("Plaintiffs originally brought this action to compel the FWS to issue biological opinions on specific timber sales. Since the opinions have now been issued, those

---

[2] Plaintiff has previously indicated that if USCIS denied his adjustment application, he would request permission to amend his complaint to request judicial review of the merits of the denial of the adjustment application and EAD applications. See Chan v. Reno, 113 F.3d 1068, 1071 (9th Cir. 1997); Jaa v. INS, 779 F.2d 569 (9th Cir. 1986) (holding that a district court "has jurisdiction to review a denial of status adjustment."). This issue, however, is not yet before the Court and accordingly, the Court denies plaintiff's petition without prejudice. See Dkt. #34 at 2.

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS         -4-

claims are moot.").

Plaintiff argues that this case is not moot because defendants' actions are capable of repetition. See Dkt. #34 at 3; Response at 20-23. There are two primary exceptions to the mootness doctrine, "where [1] the defendant's conduct constitutes a wrong 'capable of repetition yet evading review' or [2] where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it ant any time." Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) (citing Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989) and Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir. 1985)). Neither of these exceptions applies to this case.

First, the "capable of repetition yet evading review" exception to the mootness doctrine is limited to circumstances where two elements are satisfied: (1) "there must be a 'reasonable expectation' that the same complaining party will be subject to the same injury again"; and (2) "the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." Id. at 1509-10. This exception to the mootness doctrine is not applicable in this case because there is no "reasonable expectation" that plaintiff will be subject to a delay in processing his applications now that USCIS has denied the applications.

Under the second exception to the mootness doctrine, "a case should not be considered moot if the defendant voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return to it at any time. Only if there is no reasonable expectation that the illegal action will recur is such a case deemed moot." Village of Noatak, 38 F.3d at 1510. While the filing of plaintiff's petition was likely the catalyst for USCIS's decision regarding plaintiff's I-485 and I-765 applications, there is no reasonable expectation that USCIS will delay again plaintiff's applications nor are defendants free to continue the delay because plaintiff's applications have actually been adjudicated by USCIS. Accordingly, the second exception to the

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS            -5-

mootness doctrine is also not applicable here.

### 3. **Plaintiff's Supplemental Memorandum and Defendants' Response**

In his supplemental memorandum in support of his motion for summary judgment, plaintiff raises two arguments. First, plaintiff contends that he is entitled to an employment authorization document until his judicial review has been exhausted, and second he repeats his contention that his lawsuit and employment authorization is not moot because defendants' conduct is capable of repetition. The Court addresses these arguments, in turn, below.

#### a. **Plaintiff's request for an order compelling USCIS to grant him an EAD**

In his petition for writ of mandamus, plaintiff requests an order to compel USCIS to "renew" his EAD. See Dkt. #1. In his supplemental memorandum, plaintiff now seeks an order compelling USCIS to issue him a new EAD rather than simply "renew" the applications that were ultimately denied by USCIS on April 18, 2007. Accordingly, the relief plaintiff seeks now is beyond of the scope of the relief he requested in the original petition. However, even if the Court construes plaintiff's new request as within the scope of his petition, the Court denies plaintiff's request because the Court lacks jurisdiction to mandamus USCIS for an EAD.

In his petition, plaintiff asserts that this Court has mandamus jurisdiction under 28 U.S.C. § 1361 and 5 U.S.C. § 706. See Dkt. #1 at 2. Under 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy and is available where: (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. See Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003); see also Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) ("'Mandamus does not lie to review the discretionary acts of officials.'") (quoting Nelson v. Kleppe, 457 F. Supp. 5, 8 (D. Idaho 1976), aff'd sum nom.

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS          -6-

Nelson v. Andrus, 591 F.2d 1265 (9th Cir. 1978)). Under 5 U.S.C. § 706, "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall – (1) compel agency action unlawfully withheld or unreasonably delayed[.]" In Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004), the Supreme Court interpreted this statute and held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take." (emphasis in original). In view of the jurisdictional limitations under 28 U.S.C. § 1361 and 5 U.S.C. § 706, the Court turns to plaintiff's request for an order compelling USCIS to grant him an EAD.

Applications for employment authorization are governed by 8 C.F.R. § 274a.13. Subsection (a)(1) of this part states:

> Aliens who may apply for employment authorization under § 274a.12(c) of this part, except for those who may apply under § 274a.12(c)(8), shall file a Form I-765 with the director having jurisdiction over applicant's residence, or the director having jurisdiction over the port of entry at which the alien applies, or with such other Service office as the Commissioner may designate. The approval of applications filed under § 274a.12(c) of this part, except for § 274a.12(c)(8),[3] <u>shall be within the discretion of the director</u> or such other officer as the Commissioner may designate.

Id. (emphasis added).

In turn, 8 C.F.R. §§ 274a.12(c) and (c)(9) require that "[a]n alien who has filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter" must apply for work authorization. Subsection (c) of this part goes onto state that:

> If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. <u>BCIS [Bureau of Citizenship and Immigration Services], in its discretion, may establish a specific validity period for an employment authorization document,</u>

---

[3] Section § 274a.12(c)(8) is not applicable here because it applies to aliens who have filed an application for asylum or withholding of deportation or removal under 8 C.F.R. part 208.

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS         -7-

> which may include any period when an administrative appeal or judicial review of an application or petition is pending.

Id. (emphasis added).  Finally, under § 274a.13(c), if the application for employment authorization is denied, "[t]here shall be no appeal from the denial of the application."

In his supplemental memorandum, plaintiff argues that under these provisions he is "eligible for employment authorization from the time his adjustment of status application is properly filed, extending thereafter, until all administrative and judicial appeals have been exhausted." See Dkt. #39 at 2, 5.  While plaintiff is correct that as an "alien who has filed an application for adjustment of status" he is within the class of aliens "eligible" for an EAD, under the plain language 8 C.F.R. §§ 274a.12 and 274a.13, his eligibility for an EAD resides within the discretion of USCIS and there is no appeal from the denial of the application.  Accordingly, this Court lacks authority to grant an order compelling USCIS to grant plaintiff an EAD valid from April 19, 2007 until he has exhausted administrative and judicial review of the denial of his I-475 adjustment of status application because USCIS retains discretionary authority over issuance of EADs.

### b. Mootness

In his supplemental memorandum, plaintiff also contends that his lawsuit is not moot because defendants' actions are capable of repetition yet evading review. See Dkt. #39 at 9.  For the reasons stated in Section II.B.2 above, plaintiff's claim relating to the delay in his adjustment of status application is not capable of repetition now that USCIS has denied the application. Plaintiff's contention that defendants are capable of repeating conduct that violates the employment authorization regulations is also not actionable because as set forth above, USCIS is vested with the discretionary authority to approve or deny employment authorization documents. This Court, therefore, does not have jurisdiction to review the discretionary acts of USCIS relating to plaintiff's applications for employment authorization through a mandamus action.

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING
DEFENDANTS' MOTION TO DISMISS            -8-

Case 2:06-cv-01402-RSL   Document 43   Filed 05/21/07   Page 9 of 9

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES AS MOOT "Plaintiff's Motion for Summary Judgment" (Dkt. #20) and GRANTS "Defendants' Motion to Dismiss" (Dkt. #23) without prejudice.

DATED this 21st day of May, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge